## A. B. BACON, Administrator, &c., *v.* JOHN TYNER.

In the year 1801, in the State of South Carolina, P. T. conveyed, by deed, a slave to his son J., and daughter S. Subsequently, P. T. removed to this State, and brought with him the slave, of which he continued in possession until his death, in 1844, when J., the son, obtained possession of the slave; but previous to this, in the year 1815, the daughter (S.) intermarried with R., and, the year after her marriage, after giving birth to a child, she died, leaving the child surviving, which survived the mother but a short time, and also died. The father's representative filed a bill to recover his wife's (S.) interest in the slave and increase. *Held,* that the allegations in the bill, if taken as evidence of the law of South Carolina, show that the slave did not vest in the husband (R.) at any time during coverture, and the bill cannot be sustained.

*Clarke* v. *McCreary,* 12 S. & M. 352, cited and confirmed, as applicable to this case.

ON appeal from the southern district chancery court at Monticello; Hon. James M. Smiley, vice-chancellor.

This was a bill filed on the 14th February, 1846, by A. B. Bacon, administrator, and states that he, complainant, is administrator *ad colligendum* of Owen Richardson; that on the 15th November, 1801, Pearce Tyner, then a resident of South Carolina, made a deed of gift, whereby he conveyed to his infant children John and Sarah a certain negro woman (Moll) and her increase, which was duly recorded in South Carolina, and the original lost; that at the time of said gift, said Pearce retained the possession of said slave and the control of his children, who were severally eight and ten years of age; that said Sarah afterwards intermarried with one Owen Richardson, by whom she had a child, and died, leaving the said Owen surviving her, and her child died, leaving the said Owen surviving in the State of South Carolina; that, subsequently, the said Pearce and his son John removed to Mississippi, bringing with them the said slave and her children, and that since then the said Owen has died; that in the year 1843, John, the son, filed his bill in the chancery court against said Pearce,

Bacon *v.* Tyner.

his father, who still held said slave and her increase, and, by virtue of said deed of gift, he claimed them as his property, he being the only survivor to said conveyance.   Subsequently to the filing of this bill, the said John Tyner came into the possession of the said slave and her increase; not by a decree of the court, but his father having died before the termination of the suit, he claimed them as his own property.

This bill was filed by the legal representatives of Owen Richardson, deceased, who was the husband of Sarah, the daughter of Pearce Tyner, deceased, claiming for said husband an equal share, as the heir of his wife and child, deceased, of said slave conveyed, and her increase.

The vice-chancellor dismissed the bill, and complainant Bacon took an appeal to this court.

*Mayes* and *Clifton* for appellant.

By the marriage of Richardson with Sarah, he became a joint tenant in common with John Tyner at common law.

Marriage operates as a gift to the husband of all the personal property which was in possession of the wife at the time of the marriage.   Clancy on Rights, 2; 2 Story, Eq. § 1405.

Title and possession are always considered united, unless the contrary is made to appear.   *Doe* v. *Butler*, 3 Wend. 149.

Where two persons are in possession, the law considers the one having title as in possession.   2 Har. & Johns. 87; 3 Serg. & Raw. 509.   This being true of real estate, for a stronger reason it applies to personalty, where the title and right of immediate possession draws to it the possession in legal contemplation, which is not true of real estate.

That the possession was such as to vest the title in the husband, we refer, on this point, to *Pettijohn* v. *Beasley*, 4 Dev. 512; *Whitaker* v. *Whitaker*, 1 Ib. 310; *Granbery* v. *Mhoon*, Ib. 456; *Stephens* v. *Doak*, 2 Ired. Eq. R. 348; *Dade* v. *Alexander*, 1 Wash. 30.

The marriage being a gift from the husband to the wife, the joint tenancy was revived.   2 Black. Com. 191, &c.

*A. B. Bacon* on the same side.

*Freeman, Adams,* and *Dixon* for appellee.

The husband cannot claim the property, unless he reduced it into possession during the lifetime of his wife. Hutch. Code, 496, &c.; *Clarke* v. *McCreary,* 12 S. & M. 347; *Duncan* v. *Johnson,* 1 Cushm. 130; 4 Root, 469; 7 How. 425.

The possession of the slave by the donor until his death does not change the character of the gift, or the relation of the parties as joint-tenants. 2 Black. Com. 180, &c., st. 8.

The common law as to joint-tenants still exists in South Carolina. 4 Kent, 362, A. B.

The joint tenancy in the slave terminated on the death of the wife of Richardson, the husband, and if not, it certainly terminated at the death of the husband (Richardson), leaving Tyner the sole survivor; his title became absolute. 2 Black. Com. 184; Clancy, Husb. & Wife, 10; Coke Lit. 185, &c.; 4 Kent, Com. 360, &c.

If it be admitted that John and Sarah were not joint-tenants, but mere tenants in common, each holding a separate interest, that interest did not pass absolutely to the husband upon the death of Sarah his wife; but he could only sue for and recover it as her administrator. 2 Kent, Com. 145; Clancy, Husb. & Wife, 4, &c.; *Clarke* v. *McCreary,* 12 S. & M. 347.

Mr. Justice FISHER delivered the opinion of the court.

The appellant, as administrator *ad colligendum* of the estate of Owen Richardson, deceased, filed this bill in the vice-chancery court at Monticello, to recover an undivided interest of certain slaves in the possession of the appellee, and which it is alleged the intestate in his lifetime owned jointly with the appellee.

The important allegations of the bill are these. About the year 1801, in the State of South Carolina, one Pearce Tyner conveyed to his son, John Tyner, and to his daughter, Sarah Tyner, a certain negro woman. The deed was duly proved and admitted to record in that State. The donor, during his residence there, continued in the possession of the slave and her increase. About the year 1817 he removed to this State, and brought with him the slave and her increase. He contin-

Bacon *v.* Tyner.

ued in possession of them here till his death, which occurred about the year 1844.   A short time before his death, the appellee, claiming title under the deed of gift, filed a bill against his father to recover the possession of said slaves.   Having, after the death of the father, obtained possession of the slaves, the bill was by the appellee abandoned, and no decree made thereon.

It is further alleged that Sarah Tyner, the donee jointly with the appellee in the deed of gift, about the year 1815, in the State of South Carolina, intermarried with Owen Richardson, the intestate; that about a year thereafter she gave birth to a child; that she died in said State a few days thereafter, leaving the child her surviving, and that her child, under the laws of that State, took the mother's interest in the slaves; that soon after the death of the mother the child died; and that the father, under the laws of South Carolina, took the property which had descended to the child.

This is the case, as alleged by the complainant in his bill. It will be perceived that to sustain the bill set forth, it must be shown that the child survived the mother, and that Richardson, under the law, took as next of kin to his child.   The answer on this subject contains a broad and unequivocal denial, and so far from there being any proof to sustain the allegations of the bill, it in the fullest manner sustains the answer.

Indeed it is not pretended that a recovery can be had upon this part of the bill; but it is insisted that the title of the wife by the law, vested by virtue of the marriage in the husband; and that this is the title which the complainant now seeks to recover.

It is impossible for this court to say under the proof in the cause, what the law of South Carolina, at the date of the marriage, was on this subject.   If we are to take the allegations of the bill as evidence of the law, and of which, certainly, the complainant has no right to complain, there it conclusively appears that the title of the wife to the slaves did not vest in the husband at any time during coverture, for if so, they could not on her death have descended, as expressly charged in the bill, to her child, who took not the title of the surviving hus-

band and father, but only the title of the deceased wife and mother. We are to understand from this allegation, that all the interest which the wife ever had under the deed, on her death went under the law to her child. This, of itself, contains a complete negative on the right now asserted, that the title during coverture vested in the husband. Even if proof of such title could be admitted under the bill, there being no proof of those facts necessary to consummate the husband's title, we are of opinion that there is no error in the decree of the vice-chancellor dismissing the bill.

On this last branch of the case it is only necessary to refer to the decision of this court in the case of *Clark* v. *McCreary*, 12 S. & M. 352, to ascertain the rule of law which must control our decision. The facts fail to bring the case within the operation of this rule.

Decree affirmed.